**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

SOUTH CAROLINA TROOPERS
FEDERATION LOCAL 13 IUPA AFL-
CIO; JASON S. BRYANT; LARRY L.
CLEVELAND; TREVOR R. CLINTON;
DONALD W. COX; TERENCE A.
D'ALESANDRO; DONALD L. DARROW;
GARY S. DAVIS; DERRICK J. GAMBLE;
MICHAEL M. GETER; W.R. GOURDINE;
BRIAN M. HAGER; MARC T.
JENNINGS, SR.; MATTHEW E. MORLAN;
DAVID L. PRICE; JOHN G. RESPASS;
CHARLES B. RICHARDS; DANIEL C.G.
TURNO; INTERNATIONAL UNION OF
POLICE ASSOCIATIONS AFL-CIO;                    No. 03-2011
STEVEN BROWN; DAVID LEE
CHAPMAN; JONATHAN L. DAVIS;
MATTHEW G. DAVIS; JEFFERY S.
HEATHERLY; KATHY A. HILES; MARC
A. HOYLE; SCOTT B. JAMES; HAROLD
W. LONG; BRIAN C. MILLER;
WILLIAM SHAWN OWENS; BRIAN C.
PITTS; JONATHAN J. ROBINSON;
JEFFREY G. STEVENS; STACY W.
TUKES; CHAD D. WALTZ; ROBERT M.
AUSTIN; ROY B. BARWICK, III;
ROBERT C. IVEY,
                    *Plaintiffs-Appellants,*

and

TRAVIS BREWINGTON; GREGORY B. BROWN; RODNEY C. BROWN; SEAN C. GIBSON; CRAIG C. HARRELSON; VINCE B. MCGUIGAN; R. DALE TREVATHAN,
*Plaintiffs,*

v.

STATE OF SOUTH CAROLINA; SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY,
*Defendants-Appellees.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-02-1158-3)

Argued: May 6, 2004

Decided: August 17, 2004

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** James Bryan Coppess, AFL-CIO, Washington, D.C., for Appellants. Shahin Vafai, GIGNILLIAT, SAVITZ & BETTIS, Columbia, South Carolina, for Appellees. **ON BRIEF:** Michael T. Leibig, ZWERDLING, PAUL, LEIBIG, KAHN & WOLLY, P.C.,

Alexandria, Virginia, for Appellants. Stephen T. Savitz, GIGNIL-LIAT, SAVITZ & BETTIS, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case involves an action filed by the South Carolina Troopers Federation and various other organizations (hereinafter collectively referred to as the "Federation") against the State of South Carolina and the South Carolina Department of Public Safety, alleging violations of the Fair Labor Standards Act and deprivation of the Federation's First and Fourteenth Amendment rights. The district court granted the defendants' motion for partial dismissal as to the FLSA claims. The parties then filed cross-motions for summary judgment as to the Federation's two remaining claims. The Federation subsequently filed a motion to amend the complaint to add a new defendant, Boykin Rose, the Director of the Department of Public Safety. The district court granted the defendants' motion for summary judgment and denied as moot the Federation's motion to amend the complaint. The Federation now appeals only the district court's order granting summary judgment in favor of the defendants. We affirm, albeit on different grounds.

The district court properly construed the Federation's remaining causes of action as claims arising under 42 U.S.C.A. § 1983. A cause of action under Section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. 42 U.S.C.A. § 1983. It is now well settled that a state cannot be sued under Section 1983 (West 2003). *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies "to States or governmental entities that are considered 'arms of the State' for

Eleventh Amendment purposes." *Id.* at 70. For Eleventh Amendment purposes, the Department of Public Safety is considered an arm of the State of South Carolina. Accordingly, it cannot be sued under Section 1983, as the Federation conceded at the oral argument of this appeal.[1] Because neither the State of South Carolina nor the Department of Public Safety qualify as "persons" under Section 1983, we affirm the district court's grant of summary judgment in favor of the defendants.[2]

*AFFIRMED*

---

[1]In fact, counsel conceded that unless the Federation was allowed to amend its complaint, it would "lose" on its Section 1983 claims for failure to name a "person." Nonetheless, the Federation did not appeal the district court's order denying its motion to amend the complaint.

[2]Although the district court declined to address the defendants' argument that the State and the Department of Public Safety did not qualify as "persons" under Section 1983, we may affirm on any ground supported by the record. *Scott v. United States*, 328 F.3d 132, 137 (4th Cir. 2003) ("We are, of course, entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court."). On appeal the defendants continue to argue that they are not amenable to suit because they do not qualify as "persons" under Section 1983. In response, the Federation appears to contend that the defendants cannot raise such an argument in their defense without filing a cross-appeal. *See* Appellant's Brief at 2. We disagree. A prevailing party may defend a judgment on any ground, including theories not relied upon or even rejected by the district court, so long as that party seeks to preserve, and not modify, the judgment. *See El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999).